UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DANQING HUO,                           )
                                      )

    Plaintiff,                  )
                                        )      Case No.  19-cv-03881

       v.                    )
                                        )      Judge Sharon Johnson Coleman

SYNCHRONY BANK, and HORIZON    )
GROUP XXVII, LLC,              )
                                        )

    Defendants.               )

**MEMORANDUM OPINION AND ORDER**

Plaintiff Danqing Huo filed a first amended complaint against defendants Synchrony Bank and Horizon Group CCVII, LLC.  Huo brought six claims against Defendant Synchrony Bank: (i) violation of Fair Credit Billing Act ("FCBA"), (ii) breach of contract, (iii) breach of implied covenant of good faith and fair dealing, (iv) unjust enrichment, and (v) negligence.  Synchrony moves to dismiss the first amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the reasons outlined below, Synchrony's Motion to Dismiss [28] is granted in part and denied in part.

**Background**

Defendant Synchrony Bank ("Synchrony") is based in Atlanta, Georgia and has provided banking products and services to customers nationwide.  Huo has had a Synchrony credit card since 2018.  After Huo paid her balance of $6965.69 in full in July 2018, she asked Synchrony to issue a refund check to her, so that she may pay in monthly installments instead.

At the time, Huo informed Synchrony that she was changing her address, provided the new address, and asked Synchrony to hold off sending the check until she confirmed she had moved. Huo moved into the new address on August 7, 2018 and contacted Synchrony to confirm. Synchrony informed her that the refund check had already been issued and sent to her new address

on July 27, 2018. Huo requested Synchrony to cancel the check. Synchrony agreed and stated that a new refund check would be issued.

When Huo did not receive the check from Synchrony by the middle of August 2018, she contacted Synchrony through an online chat service provided to its customers. She spoke to representatives several times through the chat service in August and September to inquire about the check, as she had not yet received it. In late September, a Synchrony representative confirmed to Huo that no check had been cashed out on her account and asked her to wait for another five to ten business days.

Despite that, on or about October 15, 2018 Huo received a letter from Synchrony that included a copy of the cashed checked, which was issued to Huo on July 27, 2018 and cashed by a person unknown to Huo on August 13, 2018. Huo contacted Synchrony on two more occasions in October 2018, but was told that Synchrony was unable to do anything about the stolen check and Huo needed to recover the money on her own. Huo then filed a criminal report to Chicago Police Department regarding the stolen check, which she mailed and faxed to Synchrony in December. Finally, on December 26, 2018, Huo sent a letter to Synchrony's legal department disputing the amount of $6965.69 in Huo's account balance and demanded its removal.

Huo filed her original Complaint in the Circuit Court of Cook County, Illinois, First Municipal District, on May 3, 2019. On June 10, 2019, Synchrony removed the Complaint to this Court. Synchrony filed its first Motion to Dismiss Huo's Complaint on June 17, 2019. On September 23, 2019, Huo filed the first amended complaint against defendants Synchrony Bank and Horizon Group CCVII, LLC. Huo brought six claims against Defendant Synchrony Bank: (i) violation of the FCBA, (ii) breach of contract, (iii) breach of implied covenant of good faith and fair dealing, (iv) unjust enrichment, and (v) negligence. Huo brought two claims against Defendant Horizon Group, breach of contract and reliance. On December 18, 2019, Huo voluntarily

2

dismissed Horizon from this action, leaving Synchrony as the only defendant. Synchrony now moves to dismiss the entire first amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

**Legal Standard**

When considering a Rule 12(b)(6) motion, the Court accepts all of the plaintiff's allegations as true and views them "in the light most favorable to the plaintiff." *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013). A complaint must contain allegations that "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). The plaintiff does not need to plead particularized facts, but the allegations in the complaint must be sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

**Analysis**

Firstly, the Court recognizes that Huo failed to follow Local Rules 5.2(c) and 7.1 because certain portions of her response brief are not double-spaced and exceed the page limit by two pages. In the interest of efficiency for both the Court and the litigants, the Court will waive those requirements for Huo's brief and consider it in deciding this motion. *See Modrowski v. Pigatto,* 712 F.3d 1166, 1169 (7th Cir. 2013) (discussing courts have discretion to leniently enforce local rules when appropriate).

*Count I: FCBA Violation*

Synchrony argues that Huo has not alleged sufficient details to survive a motion to dismiss on her FCBA claim. The FCBA, 15 U.S.C. § 1666 *et seq.*, is a subsection of the Truth in Lending Act ("TILA") and specifies the required procedures of both the creditor and the obligor with respect to billing errors on credit card statements. In order to trigger the creditor's statutory duties under § 1666(a), the obligor must send the creditor "a written notice" of the

alleged billing error.  12 C.F.R. §226.13(b)(1); *see also* § 1666(a)-(b).  If the obligor fails to send the written notice within 60 days of the creditor's transmission of a statement with the error, the creditor's duties under § 1666(a) are not triggered. *See Neiman v. Chase Bank, USA, N.A.,* No. 13 C 8944, 2014 WL 3705345, at *2–3 (N.D. Ill. July 25, 2014) (Holderman, J.).  The FCBA requires that the creditor receive written notice at the address disclosed under section 1637(b)(10). *See* 15 U.S.C. § 1666(a).  The statute also requires that the consumer's written notice must contain the name and account number of the obligor, the obligor's belief that the statement contains a billing error and the amount of that error, and the reasons for the obligor's belief that a billing error exists.  *See* 15 U.S.C. § 1666(a) (i)-(iii).

Synchrony argues that Huo's FCBA claim should be dismissed because Huo has not pled facts showing that she complied with the FCBA's timeliness requirement to bring a billing dispute. Synchrony argues that Huo does not allege when she received an incorrect billing statement or that she sent a written notice to Synchrony informing it of the error within 60 days, both of which are essential facts in determining whether Synchrony violated the FCBA.  Huo argues that the "letter" she received on or about October 15, 2018 containing the copy of the cashed refund check qualifies as a statement with an error.  She also argues that her "chats" with customer representatives on the online platform should qualify as "written notice" and, if they do not, the December 2018 fax and letter containing copies of Huo's criminal report qualify.

The Court need to address whether the online chats or faxed and mailed copies of Huo's criminal report satisfy the written notice requirement of the FCBA because Huo has failed to allege the date of a credit card statement that triggers the 60-day written notice calculation in the first place.  Huo has indeed alleged that she received a letter from Synchrony on or about October 15, 2018, which contained a copy of the cashed refund check.  Huo has not described this letter as a credit card statement.  Rather, it seems that this was simply correspondence containing a copy of the

4

check. Huo attached the copy of the cashed check, and not the letter, which has the capture date of

August 14, 2018. It is possible that the copy of the check was included in a statement sent to Huo.

It is also possible that the letter Huo received from Synchrony was a billing statement.

Unfortunately, however, Huo has not alleged enough facts to support either of these propositions.

Accordingly, she has not sufficiently alleged an FCBA claim against Synchrony and the Court grants

Synchrony's motion to dismiss as to Count I.

*Count II: Breach of Contract*

Synchrony argues that Huo's breach of contract claim must be dismissed because she fails to

identify any specific contractual provision or language that was violated. To state a breach-of-

contract claim under Illinois law, a plaintiff must allege: "'(1) the existence of a valid and enforceable

contract; (2) substantial performance by the plaintiff; (3) a breach by the defendant; and (4) resultant

damages.'" *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 764 (7th Cir. 2010) (quoting *W.W.*

*Vincent & Co. v. First Colony Life Ins. Co.*, 814 N.E.2d 960, 967 (Ill. App. Ct. 2004)). There is some

disagreement in this district regarding whether a plaintiff brining a breach of contract claim must

identify the particular provision of the contract that was allegedly breached. *See Peerless Network, Inc.*

*v. MCI Commc'n Servs., Inc.*, No. 14 C 7417, 2015 WL 2455128, at *5 (N.D. Ill. May 21, 2015)

(Durkin, J.) (collecting cases). Even if the Court does not require Huo to specify which contractual

provision was breached, she must nonetheless allege enough facts to establish that a breach plausibly

occurred.

Huo has attached the credit card agreement between herself and Synchrony to the complaint

and alleges "[u]nder the agreement shown on Exhibit A, both Plaintiff and Synchrony have agreed

that Plaintiff has an obligation to make payment for the balance amount she owes to Synchrony and

Synchrony has an obligation to credit the payment amount back to Plaintiff's account so that the

balance will eventually go down to zero when a full payment is made." (Dkt. 21 ¶43). The Court has

reviewed the attached contract and there is not a single mention of how refunds are to be treated. If this Court requires Huo to identify the provision of the contract Synchrony allegedly breached, then the pleading is clearly insufficient. Even if it does not, Huo's mere conclusory allegations do not provide enough facts to allege a breach. Thus, the Court grants Synchrony's motion to dismiss as to Count II.

*Count III: Breach of Implied Covenant of Good Faith and Fair Dealing*

Synchrony argues that Huo's claim for breach of the implied covenant of good faith and fair dealing should be dismissed because it is not an independent cause of action, but must be brought within a breach of contract claim. "While all Illinois contracts contain an implied obligation to act in good faith, this obligation does not provide a person with a separate, independent cause of action." *Hickman v. Wells Fargo Bank N.A.,* 683 F. Supp. 2d 779, 793 (N.D. Ill. 2010) (St. Eve, J.) (citing *LaScola v. U.S. Sprint Communications,* 946 F.2d 559, 565 (7th Cir.1991)). Because breach of the duty of good faith and fair dealing is not an independent cause of action but is merely a basis for a breach of contract action, the Court grants Synchrony's Motion to Dismiss Count III.

*Count IV: Unjust Enrichment*

Synchrony argues that Huo's claim for unjust enrichment fails because it arises from the same set of allegations as the breach of contract claim and there is no dispute that the contract applies in this case. Here, Huo has plead unjust enrichment in the alternative, even though the complaint does not explicitly say so. "While [plaintiffs] need not use particular words to plead in the alternative, they must use a formulation from which it can be reasonably inferred that this is what they were doing." *Holman v. Indiana,* 211 F.3d 399, 407 (7th Cir. 2000). While Huo incorporates by reference paragraphs 1-28 of the complaint, those paragraphs do not include the breach of contract allegation. The law is clear that Huo cannot *recover* under both a breach of contract theory and an unjust enrichment theory. *See Shaw v. Hyatt, Int'l Corp.,* 461 F.3d

6

899, 902 (7th Cir. 2006). Thus, if this Court determines in subsequent proceedings that an

enforceable contract exists between the parties, then Huo's unjust enrichment claim cannot stand.

Accordingly, Synchrony's motion to dismiss Count IV is denied.

*Count V: Negligence*

Synchrony argues that Huo's negligence claim fails because Synchrony does not owe Huo a

duty. Huo has alleged that "[a] bank has a duty to conform to a reasonable conduct for the

protection of its customer against harm such as fraud and forgery." To plead a cause of action for

negligence in Illinois, a plaintiff must allege that the defendant owed her a duty, that the defendant

breached this duty, and that she suffered an injury that was proximately caused by the defendant's

breach. *See Reynolds v. CB Sports Bar, Inc.,* 623 F.3d 1143, 1148 (7th Cir. 2010). The duty Huo has

alleged is the duty owed by a Bank to conform to a reasonable conduct for the protection of its

customer against harm such as fraud and forgery.

Many courts have held that lenders generally do not owe a duty of care to borrowers and if

any duty exists, it arises out of contract. *See, e.g., Whitley v. Taylor Bean & Whitacker Mortg. Corp.,* 607 F.

Supp. 2d 885, 902 (N.D. Ill. 2009) (Castillo, J.) (declining to recognize a duty of care between

borrowers and lenders); *LaSalle Bank Nat'l Assoc v. Paramont Properties*, 588 F. Supp. 2d 840, 852

(N.D. Ill. 2008) (St. Eve, J.) ("The Court finds that Illinois law does not ... recognize a general duty

of care owed by lenders to borrowers, especially not one that would create tort liability based on

internal lending guidelines."). Other courts, however, appear to acknowledge that an extra

contractual duty of reasonable care *may* exist and would arguably support a negligence claim in

Illinois. *See Geimer v. Bank of Am., N.A.,* 784 F. Supp. 2d 926, 933 (N.D. Ill. 2011) (Pallmeyer, J.).

To the extent that Defendant's obligations to Huo are defined entirely by contract, the economic

loss doctrine bars her attempt to recover under a negligence theory. *See Mut. Serv. Cas. Ins. Co. v.

Elizabeth State Bank,* 265 F.3d 601, 615 (7th Cir. 2001). Because Huo has alleged that Synchrony

owed her an extra-contractual duty and courts in this district have recognized that this duty may exist, the Court is reluctant to dismiss this claim at the pleading stage. Accordingly, Synchrony's motion to dismiss the negligence claim is denied without prejudice.

**Conclusion**

Based on the foregoing, Synchrony's Motion to Dismiss [28] is granted as to Counts I-III and denied as to counts IV and V. If Huo wishes to attempt a third amended complaint, the Court grants it leave to file one by no later than May 27, 2020.

IT IS SO ORDERED.

Date: 5/5/2020

Entered: _____

SHARON JOHNSON COLEMAN
United States District Court Judge

8